UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EMMANUEL CHEATHAM, <br><br> Plaintiff, <br><br> v. <br><br> JONES, *et al.*, <br><br> Defendants. | Case No. 2:23-CV-00475-GMN-EJY <br><br> **ORDER SETTING INMATE EARLY MEDIATION CONFERENCE** |

This case has been referred to the Inmate Early Mediation Program. The Court has appointed **DAN HAYWARD** as mediator in this case. The mediator is an independent, neutral, and impartial attorney trained in mediation who will assist the parties in attempting to settle this case. The mediation will take place on **November 3, 2023,** at **1:00 p.m., via video conference.** Defendants are not required to serve or file an answer or other response to Plaintiff's complaint before the mediation.

I.   **PURPOSE OF THE MEDIATION**

The purpose of the mediation is to assist the parties in settling this case without the need for further Court action. The parties and attorneys should be prepared to explain to the mediator the facts and legal issues involved in the case. The mediator will meet separately with each party and his or her attorney to discuss the case and settlement offers. The discussions and negotiations that occur during the mediation are confidential. Information shared with the mediator by one party may be disclosed by the mediator to the opposing party during the mediation. Information shared during a mediation may also be disclosed if a party files a motion to enforce settlement. If the mediator believes that any party or attorney violates this order in any way, is unprepared to participate in the mediation, or otherwise acts in bad faith before or during the mediation, the mediator may disclose this information to the presiding judge and/or the district's mediation coordinator. Otherwise, the judges assigned to this case will not be informed by the mediator or by any party or attorney what

was discussed or what offers were made during the mediation unless a motion to enforce a settlement is filed.

The parties should take full advantage of the settlement opportunity provided by the mediation. This requires that each party make a good faith effort to settle the case based on a fair and reasonable view of the facts and the law.

## II.   AUTHORITY OF THE MEDIATOR

The mediator assigned to this case is authorized by the Court to do the following:

### a.   Conduct a Telephonic Conference

At any time prior to the date set for mediation, the mediator may contact the parties to arrange an informal telephone conference to discuss any issues concerning the mediation. In the case of an in-custody plaintiff, the mediator may contact defense counsel to arrange the telephonic conference among the parties. The telephonic conference is confidential and will not be recorded or reported on the record. No transcript of the telephonic conference will be prepared.

### b.   Request Additional Information

The mediator may request additional information and/or documents concerning the case at any time prior to or during the mediation.

## III.   MEDIATION ATTENDANCE REQUIREMENTS

### a.   Plaintiff

Plaintiff will appear and participate in the mediation through video conferencing. In the case of an in-custody plaintiff, defense counsel will make the necessary arrangements for Plaintiff to appear by video conference and must provide **SUMMER RIVERA** at **summer_rivera@nvd.uscourts.gov** with the video conference reservation number and the dial-in information where Plaintiff can be reached at least two days prior to the mediation. If the video conferencing equipment is not available at the correctional institution, the Court may order Plaintiff to appear by another means.

b. **Non-Inmate Individual Defendants**

Any individual defendant who is not a current or former employee of an institutional defendant must attend the mediation by video, unless his or her presence is excused by the mediator.

c. **Representatives of Nevada Department of Corrections or Other Defendant Entities**

The Nevada Department of Corrections (NDOC), or any other institutional defendant, must have at least one representative with the authority to settle this case attend the mediation by video. In addition, the mediator may require additional representatives, such as medical providers, the chaplain, or the like to be available by telephone during the mediation. If any defendant has insurance that may provide coverage for the claims in this case, then a representative of the insurance company with full settlement authority must also attend the mediation by video.

d. **Attorneys**

All attorneys who will participate in trial are required to attend the mediation by video.

e. **Excused Attendance**

All persons attending the mediation are required to be present by video for the entire mediation. Any request to be excused from attending the mediation must be made in writing to the mediator at least a week prior to the mediation.

f. **Settlement Authority of Persons Attending Mediation**

The persons attending the mediation must have full authority to settle the case. If any defendant is a governmental agency, private company, corporation, partnership, or similar entity, it must be represented at the mediation by a person who has the full authority to settle the case on its behalf subject to any legally required board approval.

g. **Potential Sanctions**

If a party or attorney fails to attend the mediation or to have the necessary person(s) with settlement authority present by video during the mediation, the mediator may cancel the mediation. In addition, if any party, representative, or attorney attends the mediation without proper preparation

or fails to negotiate a settlement in good faith, the mediator may cancel the mediation.[1] The mediator will promptly notify the Court of the reason for the cancellation and the Court may require the party or attorney to pay the reasonable expenses of the other parties, the mediator, or both incurred with respect to the mediation. The Court may also impose additional sanctions on the party or attorney if the circumstances warrant.

### IV.   MEET AND CONFER REQUIREMENT

Defense counsel must contact Plaintiff by telephone in advance of the mediation to meet and confer about the mediation process and settlement options. The parties may share their legal and factual analysis with one another.[2]

### V.   CONFIDENTIAL MEDIATION STATEMENT

Prior to the mediation, Plaintiff and Defendants must send confidential mediation statements for the mediator's review. The confidential mediation statement is intended to provide the mediator with necessary information to understand each party's position and to prepare for and properly conduct the mediation. The mediator will be better able to assist in settling the case if the parties' mediation statements provide accurate and straightforward information about the facts and legal issues in the case. <u>The statement shall not be sent to the opposing party or defense counsel</u>. The judges assigned to this case will not see or review the mediation statements. After the mediation has ended, the mediation statements will be destroyed to ensure confidentiality.

Each party's confidential mediation statement is limited to seven pages and should contain the following information:

    1.   A brief statement about the nature of the case;

    2.   A brief discussion of the key factual and legal issues involved in the case;

---

[1] Proper preparation by Defense counsel includes meeting with the NDOC representative, or other institutional defendant representatives, as well as the State Tort Claims Manager prior to the mediation to discuss the allegations of this case and providing a copy of Defendant's mediation statement for their review.

[2] If the assigned DAG encounters issues verbally communicating with the plaintiff during the required meet and confer due to a language barrier or any other communication disability, the assigned DAG must contact the IEM Coordinator as soon as practicable after the meet and confer to alert the Court of the issues. This will allow the Court adequate time to determine if an interpreter or other individual can be present for the IEM to assist the plaintiff.

3. A discussion of the strongest points in your case and a frank discussion of the weakest points in your case as well;

4. A discussion of the strongest and weakest points in the opposing party's case if this is more than simply stating the opposite of the strongest and weakest points in your case;

5. A description of any settlement offers or discussions that have already taken place, including identification of the last offers made by each party;

6. A statement of the settlement that would be fair to settle this case;

7. A statement of the settlement that would honestly be acceptable to resolve this case even if it is less favorable than what would be considered a "fair" settlement; and

8. Attachment of documents or exhibits that are especially relevant to key factual or legal issues.[3]

If Plaintiff is incarcerated at a facility using e-filing, Plaintiff shall request the law librarian scan his or her mediation brief, along with any exhibits, and email it to **InmateMediationBrief@nvd.uscourts.gov**. If Plaintiff is not in custody or is at a facility not using e-filing, he or she must mail the mediation brief in an envelope clearly marked "Confidential, Contains Mediation Statement" to: Office of the Clerk, Attn: Summer Rivera, Inmate Mediation Department, 333 Las Vegas Boulevard, South, Las Vegas, Nevada 89101.

In the event the Plaintiff is released prior to the mediation, he or she shall immediately file a written notification of any change of mailing address, email address, telephone number, or facsimile number, pursuant to LR IA 3-1. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

Defense counsel must scan the defense's mediation statement, along with any exhibits, and email it to the following email address: **InmateMediationBrief@nvd.uscourts.gov**.

---

[3] If the NDOC is in possession of a video or other recording specifically depicting aspects of the dispute, defense counsel must provide a copy of the video or recording as an exhibit or attachment to their mediation statement.

The parties' mediation statements must be received by the court **no later than 4:00 p.m., on October 20, 2023**.

Finally, Defense counsel must email SUMMER RIVERA at **summer_rivera@nvd.uscourts.gov** and provide the email addresses for each participant for the defense who will appear at the mediation **no later than 4:00 p.m. on October 20, 2023**. At a future date, an email containing an invitation to participate in the mediation will be provided to the attending parties in advance of the mediation.

**THE CONFIDENTIAL MEDIATION STATEMENT IS FOR THE MEDIATOR ONLY. DO NOT FILE THE CONFIDENTIAL MEDIATION STATEMENT WITH THE CLERK'S OFFICE AND DO NOT SEND A COPY OF IT TO THE OPPOSING PARTY OR HIS/HER ATTORNEY.**

VI.     ADDITIONAL GUIDANCE

Attached to this order is a statement that provides advice in preparing for the mediation, as well as a list of "Frequently Asked Questions" about the Inmate Early Mediation Program.

**IT IS SO ORDERED.**

DATED this 29th day of August, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# MEDIATION PREPARATION

Experience shows that the party who is best prepared usually obtains the best result in settlement negotiations. Mediations are more effective if all parties and their attorneys are prepared. To be effective in presenting your case and settlement position during the mediation, you should consider the following:

**A.  INMATE MEDIATION EDUCATIONAL VIDEO**

The Court has prepared a brief educational video explaining the inmate mediation process. Please arrange to view this video prior to the mediation. The video is played on a loop in the common areas and is also available in the law library. If you are not able to view the video in either of these areas, please send a kite to your caseworker requesting to view the video at your cell door.

**B.  FORMAT OF MEDIATION**

The mediator will meet separately and privately with each party to discuss the case and will speak directly with each party, even if the party is represented by an attorney. The mediator will not, however, meet with any party who is represented by an attorney outside the presence of his or her attorney.

**C.  ISSUES**

1. What issues need to be settled? In some cases, this may include the issues that are not part of the claims in the lawsuit, but the settlement of which could assist in settling the claims in the case. What are the strengths and weaknesses of your position on each issue? What is your best argument?

2. What remedy or remedies do you seek? Do you want an injunction (such as a change in conditions of imprisonment), money damages, or both? What remedies is each party willing to offer or accept to settle this case?

3. Is there any other pending lawsuit or planned lawsuit that affects the settlement of this case?

4. Do you have enough information to place a value on the case? If not, how are you going to get more information before the mediation?

5. Do attorney's fees or other expenses affect settlement? Have you provided this information to the other side?

**D.  NEGOTIATIONS**

1. When did your last settlement discussions end? Are you sure?

2. What should be your starting value of your case? You should be prepared to explain your assessment to the opposing party and to the mediator.

       3.       You should think about what a reasonable, realistic settlement would look like. You should also think about value from the opposing party's point of view. You should be prepared to discuss different viewpoints.

       4.       Is there confidential information that affects the case value? Why can't/won't/shouldn't it be disclosed to the other party? How can the other party be persuaded to settle if it does not have this information?

                 What happens if you do not settle the case at the mediation? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference, such as pending motions, discovery, or an expert's report?

**E.     CLOSING**

       1.       If settlement is reached, there will be a recorded hearing of all parties in the courtroom in which the terms of the settlement will be announced by the mediator and each party will state their agreement to the terms of the settlement.

       2.       Have you considered the form of the settlement agreement?

       3.       How soon can checks/closing documents be received?

       4.       If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want Court involvement in these talks?

       5.       If settlement is not reached, be prepared to again discuss settlement with the opposing party as the case proceeds and each side gains more understanding about the case and the other side's position.

# MEDIATION FREQUENTLY ASKED QUESTIONS

**1.     What is the purpose of the inmate early mediation program for Section 1983 cases?**

The goal of this program is to refer Section 1983 inmate cases to mediation before the parties begin discovery to determine whether the parties can work together to reach a reasonable resolution to their case.

**2.     What is mediation?**

Mediation is a form of alternative dispute resolution that courts use routinely as a tool to settle all types of cases. Mediation begins with an explanation of the process and the ground rules. All parties are given an opportunity to be heard about the issues in the case. The mediator's role is to help the parties define the issues. Once the issues have been explored, the mediator looks for areas of common interest and helps the parties build options to settle the case.

**3.     Who are the mediators in this program?**

The mediator is a neutral party who has no stake in the outcome of the case. The panel of mediators for this program are local lawyers who have received mediation training and who provide their services without any charge to the parties.

**4.     What does the mediator do?**

The mediator's goal is to create an environment in which the parties can honestly discuss the issues that need to be resolved. The mediator does not make decisions for the parties, and instead, works with the parties to reach a settlement of the case.

**5.     Does the mediator report to the judges what happened in the mediation?**

The mediator may discuss the mediation with the judges on the case only if the mediator canceled the mediation and there may be a need to impose sanctions. Otherwise, neither the district judge nor the magistrate judge assigned to your case reviews the confidential mediation statements or discusses with the mediator what occurred in the mediation. The only information the judges would receive is whether the case settled, and the mediator completes a form for the Clerk of Court reporting on the outcome of the mediation to keep statistics on the program.

**6.     What types of relief are available?  What types of relief are not available?**

Settlement may or may not include payment of money damages. A settlement also gives the parties an opportunity to fashion other types of relief, including non-assessment of the filing fee, restoration of work credits, revision of disciplinary charges, or relief aimed at resolving the specific dispute alleged in the complaint.

Early parole, a pardon, commutation of your sentence, sentence reduction, goods from outside vendors, or a specific request for individual items from the canteen are not generally available forms of relief in mediation.

Each case is unique and the type of relief available will be considered on a case-by-case basis. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

**7.    What happens if the parties reach a settlement at the mediation?**

If the parties settle the case, the terms of the settlement will be placed on the record and the mediator presides over that process. The parties must state that they understand and agree to each settlement term. The settlement is binding at that time, even though the defense counsel will prepare a written settlement agreement for the parties to sign. Once the parties review and sign the settlement agreement, a stipulation is submitted to the Court to end the case.

**8.    What happens if the parties do not settle the case?**

The mediator will conclude the mediation by stating on the record that the parties were unable to settle the case that day. If the case does not settle, there are no negative consequences to the parties. Mediation is simply an opportunity for the parties to meet and discuss how they might resolve the case. If there is no settlement, then the case will proceed.

**9.    Why do parties in litigation go to mediation, as opposed to proceeding to dispositive motions or, if necessary, to a trial on the merits?**

Mediation is an informal opportunity to be heard and to hear the opposing party's point of view. Without mediation, parties usually do not speak to one another except through attorneys and legal filings. Mediation also allows the parties who have ongoing relationships to preserve them by having a discussion rather than an adversarial proceeding.

Mediation also offers the parties more flexibility to settle their dispute. The parties can explore a variety of ways to resolve the case, and they have control over the outcome.

**10.    Are there other benefits to mediation, even if the case does not settle?**

Early mediation allows the parties the opportunity to speak honestly with one another in an informal, confidential environment. Even if the case is not settled, the process can be very helpful to the parties in understanding their claims and defenses in the case and what discovery and motions might be necessary This may save the parties time and money. Sometimes parties realize that certain claims or defenses can be dismissed, enabling them to be more efficient in litigating the case. Early mediation also paves the way for future settlement discussions as the case proceeds. The better informed the parties are about their case, the better prepared they will be in litigation and in exploring future settlement options.