UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL CHEATHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>JONES, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-00475-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend (ECF No. 25) to which Defendants filed an Opposition.  ECF No. 26.  No Reply was filed.

Plaintiff, who is proceeding *pro se* on an alleged Eighth Amendment claim, seeks to amend his Complaint to add punitive damages to his request for relief.  ECF No. 25-1.  Plaintiff also reasserts a Fifth Amendment claim (*id.*) that was dismissed with prejudice by the Court on July 17, 2023. ECF No. 6 at 4.  While it is true Plaintiff does not include formal points and authorities in support of his Motion to Amend, well established law holds allegations of a *pro se* plaintiff are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Moreover, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The Court's review of Plaintiff's filing shows he explains the proposed amendment includes punitive damages, previously not pleaded, which is a failure Plaintiff argues is detrimental to his case.  ECF No. 25 at 1.  This statement, while certainly not expansive, is sufficient to prevent a denial of the Motion to Amend on technical grounds under Local Rule 7-2(a).

Defendants' futility argument fails as a matter of law.  In order for Defendants to prevail on their futility argument they must show that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Even recognizing Plaintiff does not use the specific words

1

associated with pleading a request for punitive damages in his proposed amended complaint, Plaintiff's effort to plead an award of such damages is not futile. Plaintiff pleads Nurse Jones "deliberately" led him on for three months regarding seeing a doctor about his knee during which time he was in "excruciating pain." Plaintiff further alleges William Reupert "knew" about his knee, "knew" there was no provider who would see him, and yet let him suffer in excruciating pain for three months. It is not much of a stretch to conclude Plaintiff could amend his proposed pleading to add words to the effect that the indifference to his medical needs was "reckless" or "callous" thereby satisfying the pleading standard on which Defendants rely.

Further, as explained in *Townsend v. McDonell*, Case No. 2:18-cv-10011-R-JC, 2019 WL 7882085, at *5 (C.D. Cal. Dec. 12, 2019), when a defendant files a motion to dismiss a plaintiff's "punitive damages claim because it is premised solely on lack of supporting factual matter," rather than based on the "the argument that punitive damages are precluded as a matter of law," the argument fails "because punitive damages are not a claim for relief." *Id. citing Sturm v. Rasmussen*, Case No. 18-CV-01689-W-BLM, 2019 WL 626167, at *3 (S.D. Cal. Feb. 14, 2019) *citing Andrawes v. Flora Media, Inc.*, Case No. CV 18-0431 FMO (PLAx), 2018 WL 1942197, at *2 (C.D. Cal. March 16, 2018) ("'[b]ecause punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)'") (quoting *Oppenheimer v. Southwest Airlines Co.*, Case No. 13-CV-260-IEG (BGS), 2013 WL 3149483, *4 (S.D. Cal. June 17, 2013)); *Shabazz v. Beard*, Case No. 1:15-cv-00881-DAD-EPG (PC), 2018 WL 1071173, at *10 (E.D. Cal. Feb. 27, 2018) ("The Court is not convinced, however, that a Rule 12(b)(6) motion to dismiss is the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages.") (citing *Elias v. Navasartian*, Case No. 1:15-cv-01567-LJO-GSA-PC, 2014 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017)); *Jordan v. United States*, Case No. 15-cv-1199 BEN (NLS), 2015 WL 5919945, at *3 (S.D. Cal. Oct. 8, 2015) ("Rule 12(b)(6) permits dismissal for failure to state a claim. A prayer for damages constitutes a remedy, not a claim within the meaning of Rules 8(a)(2) or 12(b)(6)."). Here, the Court understands Defendants did not file a Fed. R. Civ. P. 12(b)(6) motion. However, Defendants' argument is identical to the argument Courts have found

insufficient to warrant dismissal. Defendants' futility argument alleging insufficient facts to support punitive damages is not a basis upon which the Court will deny Plaintiff's Motion to Amend. *Id*.

Finally, Defendants argue if Plaintiff's proposed amended complaint is filed screening that complaint will result in undue delay. However, the District of Nevada has repeatedly found no duty to screen a *pro se* complaint after the initial screening especially where defendants have been served. *Collins v. NDOC et* al., Case No. 2:22-cv-01795-CDS-BNW, 2024 WL 2061010, at **2-3 (D. Nev. Jan. 26, 2024); *Peck v. Nevada*, Case No. 2:18-cv-00237-APG-VCF, 2020 WL 5518605, at **1-2 (D. Nev. Sept. 14, 2020); *Caballero v. Aranas*, Case No. 3:19-cv-00079-MMD-CLB, 2020 WL 3546853, at **2-3 (D. Nev. June 29, 2020); *Olausen v. Murguia*, Case No. 3:13-cv-00388-MMD-VPC, 2014 WL 6065622, at **2-3 (D. Nev. Nov. 12, 2014); *Mwanza v. Foster*, Case No. 3:14-cv-00331-MMD-WGC, 2015 WL 5123410, at **4-6 (D. Nev. Sept. 1, 2015).[1]

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend (ECF No. 25) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Court denies without prejudice Plaintiff's pending Motion to Amend seeking permission to file an amended complaint asserting punitive damages.

IT IS FURTHER ORDERED that Plaintiff is provided **one additional** opportunity to file a renewed Motion to Amend, attaching a proposed amended complaint, which seeks an award of punitive damages.

IT IS FURTHER ORDERED that the proposed amended complaint **must** address the deficiency regarding Plaintiff's punitive damage assertion identified in this Order. Plaintiff is advised not to reassert his dismissed Fifth Amendment claim as that claim was dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's renewed Motion to Amend **must** be filed no later than **July 23, 2024**. Failure to timely file a renewed motion to amend, together with a

---

[1] The Court notes the deadline for amending pleadings was May 23, 2024. ECF No. 24. Plaintiff filed a timely motion to amend on May 9, 2024. ECF 25.

proposed amended complaint, will result in a recommendation to deny any further amendments and the case will proceed on the current operative complaint.

DATED this 24th day of June, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE