1  AARON D. FORD
     Attorney General
2  NATHAN M. CLAUS (Bar No. 15889)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  1State of Nevada Way, Suite 100
   Las Vegas, Nevada 89119
5  (702) 486-3370 (phone)
   (702) 486-3768 (fax)
6  Email: nclaus@ag.nv.gov

7  *Attorneys for Defendants Dawn Jones,*
   *Michelle Perkins and William Reubart*

8

9              **UNITED STATES DISTRICT COURT**

10               **DISTRICT OF NEVADA**

11  EMMANUEL CHEATHAM,              | Case No. 2:23-cv-00475-GMN-EJY

12                      Plaintiff,

13  vs.                              **MOTION TO EXTEND DISCOVERY 45 DAYS**

14  JONES, et al.,                   **[SECOND REQUEST]**

15                      Defendants.

16       Defendants Dawn Jones, Michelle Perkins and William Reubart, by and through

17  counsel, Nevada Attorney General, Aaron D. Ford, and Deputy Attorney General, Nathan

18  M. Claus, hereby submit their joint motion to extend discovery 45 days. This Motion is

19  made pursuant to the Federal Rule of Civil Procedure 6(b)(1)(A), and it is based upon the

20  following Memorandum of Points and Authorities and all other pleadings and files

21  contained herein.

22  **MEMORANDUM OF POINTS AND AUTHORITIES**

23       **I.     NATURE OF THE MOTION**

24       Good cause exists to extend the discovery deadlines in this matter.

25       **II.    BRIEF STATEMENT OF THE CASE**

26       Plaintiff, Emmanuel Cheatham (Cheatham), filed his original complaint on March

27  28, 2023,[1] and this Court completed mandatory screening of the complaint on July 17,

28

---

[1] ECF No. 7 at 6.

2023.[2] Cheatham was permitted to proceed with an Eighth Amendment claim of deliberate indifference to a serious medical need against Dawn Jones, Michelle Perkins, and William Reubart.[3] On February 23, 2024, this Court issued a scheduling order and set discovery deadlines in this matter.[4] The parties submitted a joint request to extend discovery on August 21, 2024,[5] and on August 22, 2024, this court granted the joint motion and set the following discovery deadlines:[6]

- Discovery cutoff: September 20, 2024
- Dispositive motions: November 20, 2024
- Joint proposed pretrial order: December 20, 2024, or 30 days after resolution of dispositive motions

## III.    DISCUSSION

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), the court may, for good cause, extend the time in which an act must be done if a request is made before the original time or its extension expires. The proper procedure, when additional time for any purpose is needed, is to present request for extension of time before time then fixed for the purpose in question has expired.[7] Extensions of time may always be asked for and usually are granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule.[8] Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must … be supported by a showing of good cause for the extension." In addition, "[a] request made within 21 days of the subject deadline must be supported by a showing of good cause."[9]

At this time, the discovery completed includes Defendants sending initial disclosures on February 28, 2024. Plaintiff submitted written discovery on May 14, 2024,

---

[2] ECF No. 6.
[3] *Id*. at 6.
[4] ECF No. 24.
[5] ECF No. 43.
[6] ECF No. 44.
[7] *Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D.Pa.1962).
[8] *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).
[9] Local Rule 26-3.

and Defendants provided their responses on June 11, 2024. Plaintiff mailed his specific objections to the responses to the discovery requests provided by Defendants in early September. On September 3, 2024, counsel for defendants and Plaintiff had a lengthy phone call related to the objections. Counsel for Defendants then discussed those objections with each defendant between September 4 and 5, 2024. Defendant's answers to the written discovery did not change and on September 9, a letter was mailed to Plaintiff indicating so. Counsel for defendants and Plaintiff then had another lengthy phone call on September 17, 2024 where the specifics of why Defendant's answers were made the way they were and Plaintiff's intent for the questions was discussed. At the conclusion of this call, Plaintiff indicated that he wanted to rewrite and send new interrogatories to address the issues raised by defendants and to clarify what he wanted to address in the questions.

Counsel for defendants and Plaintiff were in the process of trying to agree to a stipulation and order for the extension, but due to delays in that communication, were unable to get a final agreed upon version of this motion filed before the close of discovery deadline.

Defendants submit that the facts and the argument contained herein constitute good cause to extend all the current discovery deadlines.  The Parties are diligently prosecuting this case. The motion is made in good faith, without dilatory motive, does not cause undue delay, and provides efficient sequencing of deadlines. This request for additional time is within the 21-day requirement under Local Rule 26-3.

Accordingly, good cause exists for an enlargement of time of the following deadlines by 45 days as follows:

- Discovery cutoff: November 4, 2024.

- Discovery motions: November 14, 2024

- Dispositive motions: December 4, 2024

- Joint proposed pretrial order: January 3, 2024, or 30 days after resolution of dispositive motions.

//

## IV.    CONCLUSION

Based upon the foregoing, Defendants respectfully submit that their *Motion to Extend Discovery Deadlines 45 Days* meets good cause and should be granted.

DATED this 19th day of September 2024

**AARON D. FORD**
Attorney General

*/s/ Nathan M. Claus*
Nathan M. Claus (Bar No. 15889)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

U.S. MAGISTRATE JUDGE

Date:  September 23, 2024