UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EMMANUEL CHEATHAM,

                Plaintiff,

vs.

DAWN JONES, *et al.*,

                Defendants.

Case No.: 2:23-cv-00475

**ORDER GRANTING, IN PART, MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 41), filed by Defendants Dawn Jones, Michelle Perkins, and William Reubart (collectively "Defendants"). Plaintiff Emmanuel Cheatham filed a Response, (ECF No. 46), to which Defendants replied, (ECF No. 48). For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, Defendants' Motion to Dismiss.

**I.    BACKGROUND**

This action arises out of Defendants' delay in treating Plaintiff after he fell and injured his knee at Ely State Prison. (*See generally* First Amend. Compl. ("FAC"), ECF No. 37). In January 2022, Plaintiff injured his knee in the culinary unit. (*Id*. at 3). After the incident, he went to the prison's medical facility and only received ibuprofen for five days. (*Id.*). Nurse Jones told Plaintiff that a provider would see Plaintiff in a week. (*Id.*). However, Plaintiff had to wait until March 2022, several months later, to see a provider. (*Id.*). Plaintiff was in "excruciating pain" the whole time. (*Id.*). Plaintiff sues Defendants Head Nurse Jones, Director of Nursing Michelle Perkins, and Associate Warden Reupert for violation of the Eight Amendment. (*Id.*). Defendants move to dismiss the FAC alleging that they are entitled to the defense of qualified immunity. (*See generally* Mot. Dismiss, ECF No. 41).

## II. LEGAL STANDARD

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff brings a Section 1983 claim for violation of the Eighth Amendment. Defendants move to dismiss Plaintiff's FAC arguing that they are entitled to qualified immunity. (*See generally* Mot. Dismiss). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When

properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). To overcome a claim of immunity, a plaintiff must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735.

**A. Constitutional Violation**

Defendants argue that Plaintiff's allegations fail to establish that a constitutional violation occurred. (Mot. Dismiss 5:20–21). The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. 825 at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. *Id.* at 847. A government

official may only be held liable under Section 1983 when his own actions have caused a constitutional deprivation. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

To establish the objective standard, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Defendants argue that there is no allegation that Plaintiff experienced any issues with his knee beyond the three-month period that he was in pain. (Mot. Dismiss 7:24–28). Defendants further argue that there is also no allegation that any medical professional ever considered Plaintiff to have some injury that required medical attention and that there is no allegation that the pain impacted Plaintiff's ability to move around the facility or otherwise live a normal prison life. (*Id.* 8:1–3). But Plaintiff alleges that he was in excruciating pain for three months. (FAC at 3). This allegation makes it plausible that Plaintiff suffered unnecessary and wanton infliction of pain. Prison nurse Jones also repeatedly told Plaintiff that he would see a doctor which implies that a medical professional, a prison nurse, considered Plaintiff to have some injury that required medical attention, i.e. a follow-up appointment with a doctor. (FAC at 3). Significantly, Plaintiff's FAC is devoid of any allegations regarding how Defendants Perkins and Reubart participated in any deprivation. (*See generally id.*). Thus, Plaintiff has adequately plead facts to satisfy the first prong of the analysis as to Defendant Jones only.

Next, to satisfy the subjective standard, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett,* 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404,

407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). The Ninth Circuit has held that "an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) (citations omitted).

Here, prison nurse Jones continually promised Plaintiff, but did not give him, medical care for three months establishing that she delayed and denied him medical treatment. Plaintiff also pleads that he was in excruciating pain for three months as a result of the delay, which demonstrates that he suffered further injury because of the delay. (FAC at 3). But again, Plaintiff's FAC is devoid of any allegations regarding how Defendants Perkins and Reubart participated in the deprivation. (*See generally* FAC). Accordingly, Plaintiff has plausibly alleged the second prong of this analysis as to Defendant Jones only.

Because Plaintiff has pled adequate facts to satisfy both standards of the Eighth Amendment violation test, Plaintiff has plausibly stated a claim for relief as to Defendant Jones. But Plaintiff has failed to plead facts that implicate Defendants Perkins and Reubart meaning they cannot be held liable for a constitutional violation. *See OSU Student Alliance*, 699 F.3d at 1069. The Court acknowledges that Plaintiff's original Complaint pleaded in detail how each Defendant was involved in his Eighth Amendment claim so it finds that amendment would not be futile. (*See generally* FAC). Thus, Plaintiff's claim against Defendants Perkins and Reubart is DISMISSED without prejudice. Plaintiff shall have leave to amend his FAC to remedy any deficiencies.

**B. Clearly Established**

Defendants next argue that if the Court concludes that the FAC states a plausible claim of a violation under the Eighth Amendment, qualified immunity is still appropriate because Defendants did not violate a clearly established right. (Mot. Dismiss 9:20–23). Whether the

right is clearly established is an objective inquiry, and it turns on whether a reasonable official in the defendant's position should have known at the time that his conduct was constitutionally infirm. *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 915 (9th Cir. 2012). In other words, "[f]or a right to be clearly established, it must be 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Id.* (quoting *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (per curiam)) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam)).

Defendants argue that nothing in this case that would have put Defendants on clear notice that their actions, as alleged, were in violation of the Eighth Amendment. (Mot. Dismiss 9:20–23). Defendants admit that that they were at most negligent in not providing Plaintiff with medical treatment for the pain in his knee for three months. (*Id.* 10:12–14). The Court disagrees. It is clearly established that prison personnel are liable for deliberate indifference when "a prisoner suffers a violation of his Eighth Amendment rights when he has a serious medical need and prison officials 'purposefully ignore or fail to respond to [his] pain or possible medical need.'" *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (quotation omitted); *Jett*, 439 F.3d at 1098 ("[Prison medical personnel] are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help."). In the FAC, Plaintiff specifically alleges that prison nurse Jones continuously told that him that he would see a doctor "in a week," but did not see one for three months, despite him being in excruciating pain. (FAC at 3). Thus, Plaintiff pleads facts that properly allege the "clearly established" element of qualified immunity as to prison nurse Jones.

But Plaintiff does not plead enough facts in his FAC to overcome qualified immunity as to the other named Defendants. Plaintiff alleges that "Jones *et al*" knew that he had injured his knee and was in excruciating pain. (FAC at 3). Based on the other iterations of Plaintiff's

complaints, the Court liberally construes the use of "Jones *et al*" to mean that all Defendants knew about Plaintiff's injury. (*See generally* Compl., ECF No. 1-1). Though Plaintiff's original Complaint pleaded in detail how each Defendant was involved in his Eighth Amendment claim, his FAC does not. (*See generally* FAC). Because amendment would not be futile, Plaintiff is instructed to file an amended complaint alleging in as specific detail as he can how each Defendant is involved in his Eight Amendment claim.

In sum, Plaintiff's allegations are sufficient to state a claim of deliberate medical indifference under Section 1983 as to Jones and she is not entitled to the defense of qualified immunity. However, the Court agrees with Defendants that Plaintiff has not properly pled facts against Defendants Perkins and Reubart in the operative FAC, and as mentioned above, they are DISMISSED without prejudice. (*See* Mot. Dismiss 10:25–26).

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 41), is **GRANTED, in part, and DENIED, in part**. Defendants Perkins and Reubart are DISMISSED without prejudice, but Jones remains as a Party.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file a Second Amended Complaint remedying the deficiencies identified above.

DATED this __24__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court